UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TINA SMITH, *et al.*, | : | Case No. 1:19-cv-192 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| TRADEGLOBAL, LLC, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING THE PARTIES'
JOINT MOTION TO APPROVE SETTLEMENT
AND TO DISMISS CASE (Doc. 31)**

This case is before the Court on the parties' joint motion to approve settlement of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") claim and dismiss the case with prejudice (Doc. 31).

## I.     INTRODUCTION

On March 9, 2019, Plaintiffs Tina Smith and Kimberley Baas, former employees of Defendant TradeGlobal LLC ("TradeGlobal"), filed this action alleging that TradeGlobal violated the FLSA by not paying additional moneys or any overtime for time worked over 40 hours per week. Plaintiffs allege that they were misclassified as FLSA exempt and were not paid mandatory overtime for hours worked over 40 per week. Plaintiffs also named Dawn Adams, their immediate supervisor, as a codefendant in this matter.

On September 16, 2019, TradeGlobal filed voluntary petitions commencing a Chapter 11 action in United State Bankruptcy Court for the District of Nevada. On

January 13, 2019, Plaintiffs filed claims asserting a general unsecured claim against TradeGlobal. On May 26, 2020, TradeGlobal and its jointly administered debtors filed a disclosure statement in support of Joint Chapter 11 Plan of Liquidation. On August 25, 2020, the plan of reorganization for TradeGlobal and other debtors became effective and TradeGlobal's trust went into effect. (*See* Doc. 31 at 4).

The parties have resolved the issues in this case and executed a settlement agreement ("Settlement Agreement") (Doc. 31-1). Under the Settlement Agreement, *inter alia*, TradeGlobal agreed to make payments to the Plaintiffs for attorneys' fees, wage-based damages, and liquidated damages, and Plaintiffs agreed to release their claims against TradeGlobal and all other Defendants. (*Id.*)

## II. ANALYSIS

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Gentrup v. Renovo Servs. LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at * 6 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). The proper procedure for obtaining court approval is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *Id.* If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging

settlement of litigation." *Id.*

The Sixth Circuit has counseled that a district court should consider the following factors in determining whether the settlement of an FLSA claim is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel and representatives; and (6) public interest in the settlement. *See UAW v. GMC*, 497 F.3d 615 at 631 (6th Cir. 2007).

The Court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case. *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at * 8 (citation omitted). In certain cases, a court may consider each factor individually. *Id.* "More often, however, inquiry into one factor necessarily overlaps with inquiry into another." *Id.* at *9.

The Court finds the parties' motion for approval of settlement to be well-taken. The parties represent there are bona fide disputes as to the number of hours Plaintiffs worked, whether they were entitled to overtime under the FLSA for those hours, whether Defendants' actions were willful, and whether Defendants acted in good faith. (Doc. 31 at 6–7). There is no evidence of fraud or collusion. It is evident from the parties' work both before this Court and the Nevada Bankruptcy Court that the parties have expended significant effort in resolving this matter. Counsel for both parties represent that the Settlement Agreement is fair and reasonable. (*Id.* at 8).

Continued litigation would involve considerable expenditures of time and resources of the parties and the Court. If this case were to continue, the parties would expend significant time and money prosecuting the litigation through dispositive motions, trial, and possible appeals.

"The likelihood of success . . . . provides a gauge from which the benefits of the settlement must be measured." *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at * 9. The ultimate question is whether the Plaintiffs are better served if the litigation is resolved by the settlement rather than pursued. *Id.* Here, the risks posed by Defendants' denial of Plaintiffs' claims justifies a compromise which provides an immediate settlement payment to the Plaintiffs. As the parties recognize, the Settlement Agreement does not represent a compromise of guaranteed rights but of contested rights. (*See* Doc. 31 at 7).

After reviewing the parties' Settlement Agreement, and all the filings in this matter, the Court agrees with the parties' representations and finds that the Settlement Agreement is fair and reasonable. Accordingly, the Court **GRANTS** the parties' joint motion to approve settlement of FLSA claims and dismiss the case with prejudice (Doc. 31).

### III. CONCLUSION

For the foregoing reasons:

1. The parties' joint motion to approve settlement of FLSA claims and dismiss the case with prejudice (Doc. 31) is **GRANTED**; and

2. This case is **DISMISSED with prejudice**.

4

3. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:  9/29/2020                    *s/Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge